

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2005

# Keystone Dedicated v. Bartmess

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2441

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Keystone Dedicated v. Bartmess" (2005). *2005 Decisions*. Paper 1204.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1204

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No. 04-2441

KEYSTONE DEDICATED LOGISTICS COMPANY, L.L.C.,

Appellant,

v.

MICHAEL BARTMESS, FLORENCE BARTMESS, JAMES BARTMESS
AND GOT IT AND GONE EXPRESS, INC.

_____

On appeal from the United States District Court
for the Western District of Pennsylvania
District Court Civ. No. 02-397
Magistrate Judge: Hon. Francis X. Caiazza

_____

Submitted Pursuant to LAR 34.1(a)
May 6, 2005

_____

Before: McKEE, SMITH, and VAN ANTWERPEN *Circuit Judges*

(Filed: May 12, 2005)

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

This diversity dispute requires this Court to review the District Court's grant of

summary judgment to a former employee after his employer complained that he had

breached a non-competition agreement. The District Court held that the non-competition agreement was unenforceable under Pennsylvania law because it did not protect any of the employer's legitimate business interests. We agree.

## I.

Appellant, Keystone Dedicated Logistics Company, L.L.C. (Keystone) arranges freight transportation and provides logistics consulting for its clients. Keystone hired Appellee, Michael Bartmess, in February 2001 as a traffic/operations coordinator. As a condition of his employment, Bartmess signed a non-competition agreement promising 1) not to compete with Keystone for two years within fifty miles of Pittsburgh, Pennsylvania and every location to which Bartmess was assigned to work, 2) nor use any of Keystone's proprietary information or trade secrets, 3) nor solicit any of Keystone's customers or suppliers for two years.

During and after his employment with Keystone, which operates from Pittsburgh, Pennsylvania, Bartmess worked from his home in Olathe, Kansas. In August 2001, Bartmess voluntarily resigned his job with Keystone and, with the help of his parents, opened a business called Got It and Gone Express, Inc.

The parties agree that Bartmess came and left Keystone with a single client, Interstate Brands Corporation (IBC). The parties further agree that during his tenure at Keystone, IBC was Bartmess's personal customer. Finally, the parties agree that Keystone's only connection with Kansas was via Bartmess. Bartmess continues to

service IBC through his company, Got It and Gone Express. Keystone has no operations in Kansas and, since Bartmess left, has not tried to operate there.

## II.

"We exercise plenary review over the District Court's grant of summary judgment," *Abramson v. William Patterson College of New Jersey*, 260 F.3d 265, 276 (3d Cir. 2001), and apply the same standard that the District Court should have applied. *Id*. A court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[1]

## III.

We affirm the decision of the District Court for substantially the same reasons stated by the Magistrate Judge in his well-reasoned opinion. Covenants not to compete under Pennsylvania law are enforceable only as reasonably necessary to protect the employer's legitimate business interests. *Hess v. Gebhard & Co. Inc.*, 808 A.2d 912, 920 (Pa. 2002). Such interests generally include trade secrets, confidential information, good will, and unique or extraordinary skills. *Id*.

Here, the Magistrate Judge correctly determined that Bartmess acquired no trade secrets or confidential information while at Keystone. Nor does Keystone have a

---

[1]The District Court exercised subject matter jurisdiction under 28 U.S.C. § 1332. We exercise jurisdiction over the District Court's final order under 28 U.S.C. § 1291.

3

cognizable interest in Bartmess's relationship with IBC, as Keystone concedes that its relationship with IBC was strictly through Bartmess. Finally, Bartmess did not acquire any unique or extraordinary skills at Keystone. As none of Keystone's legitimate business interests thus are at stake in this dispute, the Magistrate Judge correctly held that the Keystone-Bartmess non-compete agreement is unenforceable – either against Bartmess, his parents, or Got It and Gone Express, Inc. *See Wellspan Health, York Hospital*, 869 A.2d ___ (Pa. Super. Ct. 2005).

## III.

The order of the District Court will be affirmed.